1   Robert J. Lauson, Esq., No. 175,486
      …bob@lauson.com
2   Edwin P. Tarver, Esq., No. 201,943
      edwin@lauson.com
3   LAUSON & TARVER LLP
    880 Apollo Street, Suite 301
4   El Segundo, California 90245
    Telephone:  310-726-0892
5   Facsimile:  310-726-0893

6   Attorneys for Plaintiff,
    Voice International, Inc., dba Motion Picture Marine
7
    David Grober
8   616 Venice Blvd.
    Venice, CA  90291
9   (310) 822-1100
    davidgrober1@gmail.com
10
    Plaintiff, *pro se*, with hybrid representation
11

12            **UNITED STATES DISTRICT COURT**

13   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

14            CV11-04920 RGK(JCGx)

15   VOICE INTERNATIONAL, INC., and        **Civil Action No.**
     DAVID GROBER, and individual,
16                                         **Complaint For:**
              Plaintiffs,                  **Misappropriation of Trade Secrets;**
17                                         **Tortious Interference With Contract;**
                                           **Intentional Interference With**
                  v.                       **Prospective Economic Advantage;**
18                                         **Breach of Contract**
     TOM SMITH, an individual; STEVE       **Breach of Confidential Relationship**
19   WATERFORD, an individual; and         **Conversion; and**
     DOES 1 through 10,                    **Injunctive Relief**
20
              Defendants.                  **Demand For Jury Trial**
21

22

23        Plaintiffs, by and through their attorneys of record and *pro se*, allege as

24   follows:

25

-1-

**COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.**

## PARTIES

1.      Plaintiff VOICE INTERNATIONAL, INC. dba Motion Picture Marine (hereinafter "Voice International") is a California corporation organized and existing under the laws of the State of California, with its principal place of business at 616 Venice Blvd., Venice, California, 90291.

2.      Plaintiff DAVID GROBER, (hereinafter "Grober") is an individual residing in Venice, California.

3.      Upon information and belief, Defendant TOM SMITH (hereinafter "Smith") is an individual, living in Orlando, Florida.

4.      Upon information and belief, Defendant STEVE WATERFORD (hereinafter "Waterford") is an individual, living in Deerfield, Florida.

5.      The true names and capacities, whether individual, corporate, associate, representative or otherwise, of DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacities of the Defendants when they are ascertained.  Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants named as a DOE, along with the named Defendants, is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages herein alleged were legally or proximately caused by said Defendants.  Wherever it is alleged that any act or omission was

**COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.**

also done or committed by any specifically named Defendant or by Defendants generally, Plaintiff intends thereby to allege, and does allege, that the same act or omission was also done and committed by each and every Defendant named as a DOE, and each named Defendant, both separately and in concert or conspiracy with the named Defendants.

6.     On information and belief, and at all times mentioned herein, each of the Defendants named herein as DOES 1 through 10, inclusive, performed, participated in or abetted in some manner the acts alleged herein; proximately caused the damages alleged herein below; and are liable to Plaintiff for the damages and relief sought herein.

## JURISDICTION AND VENUE

7.     This is an action for misappropriation of trade secrets, breach of contract, breach of confidentiality, conversion, and injunctive relief under the laws of the State of California and the State of Florida.  This Court has diversity subject matter jurisdiction over this action pursuant to *28 U.S.C. § 1332* because the controversy is between citizens of different States, and exceeds the sum or value of $75,000.

8.     This Court has personal jurisdiction over Smith and Waterford because they engaged in wrongful conduct targeted at Plaintiffs, whom they knew to be residents of California.  They knew not only that Plaintiffs' trade secrets and

COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.

1   parts were misappropriated from California, but also that their device would

2   compete with California Plaintiffs' Perfect Horizon, and the market was in large

3   part the center of the film industry, California, its studios and cinematographers.

4   The Supreme Court clearly identified that this type of express aiming results in

5   personal jurisdiction.

6

7       9.    Additionally, Waterford submitted to California jurisdiction in his

8   non-disclosure agreement with Plaintiffs.  For this reason Smith, his co-

9   conspirator, should also fall under California jurisdiction.

10

11       10.    Venue is proper in this judicial district pursuant to *28 U.S.C. §§*

12   *1391(a)(1)* because a substantial part of the events giving rise to Plaintiffs' claims

13   occurred in this judicial district.

14

15

16                         **INTRODUCTION**

17

18       11.    Plaintiff Grober invented a stabilization platform for motion picture

19   cameras called the "Perfect Horizon."  The Perfect Horizon is a high-tech,

20   computer controlled gimbal-based system for stabilizing cameras on boats and

21   vehicles.  It was used in numerous feature films, TV shows and sporting events,

22   including *James Bond*, *Harry Potter*, *Step Into Liquid*, *Blue Crush*, as well as at

23   surfing and other athletic events.  The Plaintiffs and the Perfect Horizon were

24   awarded an Emmy in 2004, and an Academy Award in 2006, both for technical

25   and engineering achievement.

-4-

**COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.**

12.     Waterford was an employee for Plaintiffs from 1997 until 2003. Waterford was a technician and assisted in building, maintaining, and as an on-set technician when clients used the Perfect Horizon.

13.     In about 2000, Waterford moved from Los Angeles to Ft. Lauderdale, Florida, suggesting Plaintiffs open an east coast office to rent the Perfect Horizon. Plaintiffs agreed and set up an office in Ft. Lauderdale for Waterford to operate.

14.     While working for Plaintiffs and without their knowledge, Waterford met Smith, an electrical engineer.  Smith and Waterford conspired to, and in fact did create a stabilization device to compete with the Perfect Horizon.

15.     In June 2004, that competing camera stabilization platform was exhibited at a film industry trade show.  The device was also commercially rented by at least three rental companies in California, New York and Florida.

16.     Grober observed that the competing stabilizer operated exactly like Plaintiffs' Perfect Horizon.  Over the next 3 months, with the assistance of patent counsel, Plaintiffs concluded it infringed Grober's U.S. patent no. 6,626,611 protecting the Perfect Horizon and sued for patent infringement.  That suit is currently before the Federal Circuit on appeal.

17.     During the patent case, Smith, testifying as an expert witness, stated he was paid $18,000 to develop the competing stabilizer.  This amount seems inconsistent with the eight years Grober took to develop the Perfect Horizon at a

COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.

1   cost of hundreds of thousands of dollars in materials, high tech sensors, and

2   engineering.

3

4        18.    In response to inquiries about the relationship between Waterford and

5   Smith, patent counsel for Defendants wrote a letter in which he stated:

6        "Further your continued citation to the one single sensor provided by
        Steve Waterford (an independent contractor) to Tom Smith (an
7        independent contractor) involved an outdated and inaccurate sensor
        that was not used in any successful version of the MakoHead.  That
8        fact that it was used for a short while in an experiment that was
        unsuccessful means that there were no damages derived from the
9        disclosure.  Furthermore there can be no liability for Mako Products
        as neither Mr. Waterford nor Mr. Smith were employees of Mako
10       Products.  As independent contractors, their conduct cannot be
        imputed to Mako Products."  Ex. A
11

12       19.    Smith and Waterford were identified working together, and the above

13  statement confirms the transfer of Plaintiffs' trade secrets from Waterford to

14  Smith.  Smith and Waterford used those trade secrets to develop their competing

15  stabilizer.

16

17       20.    Waterford's employment with Plaintiffs was contingent on a

18  confidentiality agreement, Ex. B, which on information and belief, he violated by

19  passing Plaintiffs' trade secrets, including the aforementioned information and

20  parts to Smith when they developed their stabilizer.  On information and belief,

21  Smith knew that Waterford was Plaintiffs' technician, ran Plaintiffs' east coast

22  rental operation and accessed Plaintiffs' trade secret parts and information.

23

24       21.    Smith knowingly acquired Plaintiffs' trade secrets, including

25  confidential information, test data, client information, and physical parts including

**COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.**

1    at least the sensor identified by Warwick.  Smith knew the trade secrets were

2    acquired improperly, and knew of Waterford's duty to maintain them.  Smith used

3    the information and parts in his research and development, alongside Waterford.

4         22.    Smith and Waterford developed their stabilization system using trade

5    secrets and actual components that they stole from Plaintiffs.  Wherein their

6    stabilization system came to market rapidly and with little expenditure, and

7    wherein their stabilization system competes with Plaintiffs' Perfect Horizon, the

8    result is that they have caused Plaintiffs irreparable injury in an amount far in

9    excess of $75,000.

10

11                      **FIRST CAUSE OF ACTION**

12                   **Misappropriation of Trade Secrets**

13

14        23.    Plaintiffs re-allege and incorporate herein the allegations of

15   paragraphs 1-22 as if fully set forth herein.

16

17        24.    At all relevant times, Plaintiffs possessed confidential trade secret

18   information.  Plaintiffs derived independent economic value from the information

19   not being generally known to the public.

20

21        25.    Plaintiffs derive independent value from the information which was

22   not generally known, and endeavored to keep that information secret.

23

24

25

**COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.**

26. Defendants knew or had reason to know that Plaintiffs' trade secrets were acquired by improper means, and were unjustly enriched by exploiting Plaintiffs' trade secrets.

27. Upon information and belief, Defendants' misappropriations were willful and malicious, entitling Plaintiffs to an award of punitive and treble damages and attorneys' fees.

## SECOND CAUSE OF ACTION

### Tortious Interference With Contract

28. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1-27 as if fully set forth herein.

29. Plaintiffs engaged in a valid contract, which was in existence and enforceable at the time Smith obtained Plaintiffs' trade secrets.

30. On information and belief, Smith knew of the existence of the contract at the time of his tortious interference.

31. On information and belief, Smith intended to induce a breach of the contract.

32. Smith's interference caused a breach of the contract and a disruption of the contractual relationship.

COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.

33.     Plaintiffs were harmed as a result of Smith's conduct.

## THIRD CAUSE OF ACTION

### Intentional Interference With Prospective Economic Advantage

34.     Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1-33 as if fully set forth herein.

35.     Plaintiffs had both existing business relationships as well as prospective business relationships with companies and individuals in need of camera stabilization.

36.     There was a probability of future economic benefit to Plaintiffs from those business relationships.

37.     On information and belief, by obtaining Plaintiffs' trade secrets from Waterford, Smith engaged in wrongful conduct in interference with Plaintiffs' prospective business advantage, injuring Plaintiffs.

38.     Smith's wrongful conduct falls outside the boundaries of fair competition.

39.     Smith knew of and intended to interfere with Plaintiffs' prospective business advantage.

COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.

40.     As a result of Smith's actions, Plaintiffs suffered the loss of their prospective business advantage.

## FOURTH CAUSE OF ACTION

### Breach of Contract

41.     Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1-40 as if fully set forth herein.

42.     Waterford entered into a written contract pursuant to his employment with Plaintiffs not to disclose Plaintiffs' trade secrets.

43.     Waterford breached that written agreement by giving them to Smith, who deliberately used them to research and develop a competing stabilization system.

44.     As a result of that breach, Plaintiffs' trade secrets and technology were provided to a competitor, who put them into continued use, charging less than Plaintiffs' rental rate, and decimating Plaintiffs' business.  Plaintiffs are therefore entitled to compensatory damages in an amount to be shown at trial.

///
///
///
///

**COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.**

# FIFTH CAUSE OF ACTION

## Breach of Confidential Relationship

45.    Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1-44 as if fully set forth herein.

46.    Plaintiffs conveyed trade secret information to Waterford during the course of his employment.

47.    Waterford knew of the proprietary nature of the trade secrets, and signed an agreement not to disclose any of Plaintiffs' trade secret information.

48.    Waterford and Plaintiffs had a mutual understanding that Plaintiffs' trade secrets were to be maintained in confidence.

49.    In contravention of that understanding, and the non-disclosure agreement, Waterford disclosed Plaintiff's confidential trade secrets to Smith.  As a result, Plaintiffs' trade secrets and technology were provided to a competitor, who put them into continued use, charging about half Plaintiffs' rental rate, and decimating Plaintiffs' business.

///
///
///
///

COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.

# SIXTH CAUSE OF ACTION

## Conversion

50.    Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1-49 as if fully set forth herein.

51.    Plaintiffs owned certain equipment, including motion control sensors, among other equipment as part of the Perfect Horizon.

52.    Upon information and belief, Waterford and Smith improperly converted and applied that equipment to their own use, i.e., developing their own stabilization system, and that use was substantial.

53.    As a result Plaintiffs were damaged in an amount to be determined at trial.

# SEVENTH CAUSE OF ACTION

## Request for Injunctive Relief

54.    Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1-53 as if fully set forth herein.

55.    By using Plaintiffs' proprietary and confidential information in the development of a competing stabilization system, Defendants have misappropriated Plaintiffs' trade secrets and injured Plaintiffs.

56.   If not enjoined by order of this Court, Waterford and Smith will continue taking, receiving, concealing, assigning, transferring, copying or otherwise using Plaintiffs' trade secrets.

57.   Plaintiffs do not have a plain, speedy, and adequate remedy in the ordinary course of law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Grober and Voice International, prays for judgment and relief as follows:

A) Judgment that Smith and Waterford misappropriated Plaintiffs' trade secrets and that such misappropriation was deliberate and willful;

B) Judgment that Smith tortuously interfered with Plaintiffs' contract with Waterford.

C) Judgment that Smith intentionally interfered with Plaintiffs' prospective economic advantage.

D) Judgment that Waterford breached his confidentiality agreement with Plaintiffs;

E) Judgment that Waterford breached his confidential relationship with Plaintiffs by virtue of his employment and under the confidentiality agreement with Plaintiffs;

F) Judgment that Smith and Waterford converted Plaintiffs' trade secret equipment.

COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.

G) Judgment that Smith and Waterford be enjoined from taking, receiving, concealing, assigning, transferring, copying or otherwise using or disposing of Plaintiffs' trade secrets;

H) Judgment for actual damages according to proof;

I) Judgment for punitive damages in a sum to be ascertained at trial;

J) Judgment for costs of suit, attorneys' fees and interest at the maximum rate permitted by law; and

K) Any such other and further relief as the Court may deem just and proper.

Respectively submitted

LAUSON & TARVER LLP

Dated: 6-9-2011                    By: _____

Edwin Tarver, Esq.
Attorney for Plaintiff
Voice International, Inc.

Respectively submitted

Dated: June 9, 2011               By: _____

David Grober
Appearing *pro se*

-14-

COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.

1

## <u>DEMAND FOR JURY TRIAL</u>

2        Pursuant to *Federal Rule of Civil Procedure, Rule 38,* and *L.R. 38-1,*

3    Plaintiff hereby demands a jury trial on all issues so triable.

4

5

6                                          Respectively submitted

7                                          LAUSON & TARVER LLP

8    Dated: 6-9-20 11          By:

9                                          Edwin Tarver, Esq.
                                           Attorney for Plaintiff
10                                         Voice International, Inc.

11

12                                         Respectively submitted

13   Dated: june 9, 2011       By:

14                                         David Grober
15                                         Appearing *pro se*

16

17

18

19

20

21

22

23

24

25

-15-

**COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS, BREACH OF CONTRACT, ETC.**

# EXHIBIT A

# VARNELL & WARWICK, P. A.
## 20 LA GRANDE BOULEVARD
### THE VILLAGES, FLORIDA 32159
### (352) 753-8600      FAX: (352) 753-8606

Brian W. Warwick                                                    Email: BWWarwick@aol.com

### SUBMITTED BY E-MAIL ONLY

November 3, 2009

Robert Lauson, Esquire
**LAUSON & SCHEWE, LLP**
1600 Rosecrans Avenue, 4th Floor
Manhattan Beach, California  90266

      Re:    David Grober v. Mako Products, Inc., et al
              Case No:  CV 04-08604 SGL(OPx)

Dear Mr. Lauson:

      Pursuant to the Court's Order of October 21, 2009, Defendants' "No Look" list that applies to Mr. Grober includes the following:

1. Any and all documents referencing parts used to construct any version of the MakoHead;

2. Any and all documents containing any supplier of any part used in any version of the MakoHead;

3. Any and all drawings, diagrams, schematics or other depictions of any version of the MakoHead;

4. Any and all documents referencing testing or testing data on any version of the MakoHead;

5. All documents referencing, any electronics, hardware, software, other design elements of the MakoHead;

6. Any document that lists customers that have used or inquired regarding the use of the MakoHead;

7. Any marketing materials, ideas or marketing plans by or between Mako Products and any other person or entity;

8. Any photographs of the inner workings of the MakoHead;

9. Any deposition testimony or video which pertains to the mechanical or electronic workings of the MakoHead.

Based on the Court's Order, Mr. Grober should be precluded from viewing any documents that pertain in any way to the above list.

I have also reviewed the list of trade secret objections asserted by Mr. Grober. In short, Defendants completely disagree with his unfounded analysis of trade secrets. A company without a patent has a right to keep the trade secrets of that company and its products confidential and out of the hands of its competitors. Just because the Perfect Horizon and the MakoHead both have sensors, for example, does not mean that such sensors are not trade secrets of Mako Products. The arguments to the contrary are without merit. Further, your continued citation to the one single sensor provided by Steve Waterford (an independent contractor) to Tom Smith (an independent contractor), involved an outdated and inaccurate sensor that was not used in any successful version of the MakoHead. The fact that it was used for a short while in an experiment that was unsuccessful means that there were no damages derived from the disclosure. Furthermore, there can be no liability for Mako Products as neither Mr. Waterford nor Mr. Smith were employees of Mako Products. As independent contractors, their conduct cannot be imputed to Mako Products. Your arguments to the contrary are incorrect.

Sincerely,

Brian W. Warwick

BWW/td

# EXHIBIT B



# MOTION PICTURE MARINE

### 616 Venice Blvd., Marina del Rey, California 90291
### (310) 822-1100  Fax (310) 822-2679

#### CONFIDENTIALITY AGREEMENT

THIS CONFIDENTIALITY AGREEMENT ("Agreement") is entered into as of the date set forth below, by and between one or more of the entities known as Motion Picture Marine, Gyro Systems and/or David Grober, hereafter collectively known as "MPM" and the undersigned *STEVE wakeford* "Disclosee"), with reference to the following facts:

WHEREAS, MPM possesses certain confidential and proprietary information relating to stabilized platforms and other technologies related thereto;

WHEREAS, MPM and Disclosee are contemplating, or have agreed, or have previously entered into a business relationship including, but limited to employee, consultant, associate, and whereby MPM has or may disclose to Disclosee certain confidential and proprietary information belonging to MPM,

WHEREAS,      MPM wishes to ensure that any confidential and proprietary information which it discloses to Disclosee shall be held in strict confidence and shall not be used for any purpose other than as described herein.

NOW THEREFORE, in consideration of mutual covenants and conditions contained herein, the parties agree, on their own behalf and upon behalf of all of their affiliates, agents and employees, as follows:

1. Disclosee hereby agrees not to use or disclose to any third party any confidential, proprietary and/or trade secret information at any time disclosed by MPM or by any of MPM's subsidiaries, assigns and/or affiliates under or pursuant to this Agreement or any other agreement of whatever kind. The information protected hereby includes without limitation, any information, data, design, formula, specification, methodology, technique, custom, practice and procedure which MPM may disclose to Disclosee regarding its business, including without limitation, product development and description of utility patents (application pending) (collectively, the "Information"). Disclosee further agrees that the Information shall not be used in any manner that is adverse or detrimental to MPM, and that Disclosee shall take appropriate precautions to protect the security of the Information.

2. Disclosee shall limit access to Information received or to be received from MPM hereto to those persons in its organization or representing it who are reasonably required to have access to such Information for the foregoing limited purpose. Each party shall make all employees and representatives who have access to such Information aware of the strictly confidential nature thereof, and shall ensure that such employees or representatives do not use or reveal such Information to third parties in violation of the covenants set forth in this Agreement.

3. Except as expressly set forth herein, Disclosee agrees not to directly or indirectly (a) reveal, disclose or make known to any third party, or (b) use in its own business, or (c) make any other usage of, any Information disclosed to Disclosee by MPM.

4. Neither Disclosee, nor any of its affiliates, agents or representatives, shall enter into any business activities, directly or indirectly, for itself or for others, which is based upon or uses the Information, or any variation thereof, or which is otherwise similar to the business activities of MPM's stabilized platforms.

5. This Agreement and the covenants contained herein shall survive the termination of any active course of business or other business relationship between Disclosee and MPM in perpetuity. In the event of any such termination, Disclosee will immediately return to MPM all copies (in all media) of all information provided by MPM.

### Producers of Motion Pictures & Video Tape On and Beneath the Water

6.    The parties warrant and represent that they have the right to enter into this Agreement. The parties further warrant and represent that the terms of this Agreement are not inconsistent with other contractual obligations, express or implied, which they may have.

7.    This Agreement shall be construed in accordance with, and be governed by the laws of the State of California, and the parties hereby submit to the jurisdiction of the state and federal courts of competent jurisdiction sitting in Los Angeles, California, and the parties agree that the foregoing courts are a convenient forum and irrevocably waive any right to object to such venue or to transfer venue, based upon forum non conveniens or otherwise.

8.    If any court proceeding is brought in connection with this Agreement, or any document, agreement, instrument or certificate delivered under or pursuant to this Agreement, the prevailing party in such proceeding (whether at trial or on appeal) shall be entitled to recover from the other party all costs, expenses and reasonable attorneys' fees incidental to any such proceeding.

9.    Disclosee understands and acknowledges that neither MPM nor any of MPM's representatives has made or makes any representation or warranty, express or implied, as to the accuracy or completeness of the Information. Disclosee agrees that neither MPM nor any of MPM's representatives shall have any liability to Disclosee nor to any of Disclosee's representatives resulting from the use or contents of the Information or from any action taken or any inaction occurring in reliance on the Information, except as may be agreed to by the parties in a definitive written agreement.

10.   MPM and Disclosee acknowledge and agree that money damages are an inadequate remedy in the event of the breach by a party of any of the provisions of this Agreement. Therefore, the parties agree that the non-breaching party shall be entitled to equitable relief, including specific performance of this Agreement and injunctive relief against any breach or threatened breach hereof. However, no remedy conferred by any of the specific provisions of this Agreement is intended to be exclusive, and each and every remedy shall be cumulative and shall be in addition to every other remedy given hereunder now or hereafter existing at law or in equity. The election of any one or more remedies by either party shall not constitute a waiver of the right to pursue other available remedies.

11.   No modification of this Agreement shall be effective unless made in writing and signed by a duly authorized representative of each party.

12.   No waiver of any of the provisions of this Agreement shall be deemed, or shall constitute, a waiver of any other provisions, whether or not similar, nor shall any waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the party making the waiver.

13.   This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, legal representatives, successors-in-interest and assigns.

14.   This Agreement constitutes the entire agreement and understanding between the parties with respect to the subject matter hereof, and supersedes all previous agreements, whether written or oral, relating to the same subject matter, and shall govern all present and future discussions and disclosures of the Information by MPM to Disclosee.

15.   The provisions of this Agreement are severable, and if any one or more paragraphs, clauses or provisions is determined to be illegal, invalid or otherwise unenforceable, in whole or in part, the remaining provisions, and any partially enforceable provisions to the extent enforceable, shall continue in full force and effect and shall be binding and enforceable.

16.   This Agreement may be executed in counterparts, all of which shall constitute a single agreement, and each party may rely upon the faxed signature of the other party in the same manner as an original signature.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below.

April 1, 2000

Name:

Print:  STEVE WATERFORD

Witness:

Motion Picture Marine, Gyro Systems, David Grober

CONFIDAGREEMENT.DOC                           2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

### CV11- 4920 RGK (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| David Grober, an individual and Voice International Inc., a California Corporation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Tom Smith, an individual; Steve Waterford, an individual; and Does 1 through 10 | ) | CV11-04920 RGK (JCGx) |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Robert J. Lauson, Esq.
Edwin P. Tarver, Esq
Lauson & Tarver, LLP
880 Apollo Street, Suite 301
El Segundo, CA  90245

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUN - 9 2011

*CLERK OF COURT*

Date: _____

SEAL

JULIE PRADO

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| David Grober, an individual and Voice International Inc., a California Corporation | Tom Smith, an individual; Steve Waterford, an individual; and Does 1 through 10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| SEE ATTACHED | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Trade Secret Misappropriation

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11-04920

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

David Grober et al v. Tom Smith et al

Civil Cover Sheet CV-71 Attachment

Attorneys

Robert J. Lauson, Esq., No. 175,486
    bob@lauson.com
Edwin P. Tarver, Esq., No. 201,943
    edwin@lauson.com
LAUSON & TARVER LLP
880 Apollo Street, Suite 301
El Segundo, California 90245
Telephone:  310-726-0892
Facsimile:  310-726-0893

Attorneys for Plaintiff,
Voice International, Inc., dba Motion Picture Marine

David Grober
616 Venice Blvd.
Venice, CA  90291
(310) 822-1100
davidgrober1@gmail.com

Plaintiff, *pro se*, with hybrid representation

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑Yes
If yes, list case number(s): 2:04 CV 8604 JZ

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☑A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 6-9-2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |